**Pulileka Martin TATU, Petitioner–Appellant,**

v.

**Joe RASBEARY, Warden, Giles W. Dalby Correctional Facility, Respondent–Appellee.**

No. 04–11386.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 23, 2005.

Pulileka Martin Tatu, Federal Correctional Institution Giles W. Dalby Correctional Facility, Post, TX, pro se.

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM: *

Pulileka Martin Tatu (Tatu), federal prisoner # 26165–177, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus application challenging the Bureau of Prisons' (BOP) method of calculating good time credit under 18 U.S.C. § 3624(b).

Tatu argues that 18 U.S.C. § 3624(b) unambiguously requires that the BOP calculate a prisoner's good time credit based on the sentence imposed rather than on the time he has actually served. Further, Tatu argues that the BOP's method of calculating good time credit is inconsistent with the plain meaning of 18 U.S.C. § 3624(b) and its legislative intent.

In *Sample v. Morrison,* 406 F.3d 310, 312–13 (5th Cir.2005), this court rejected a similar challenge to the BOP's method of calculating good time credit. This court determined that the plain language of 18 U.S.C. § 3624(b) supports the BOP's method of calculating good time credit. *Id.* at 313. Alternatively, the statute is ambiguous and the BOP's interpretation is entitled to deference pursuant to *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Id.*

Accordingly, the district court's judgment is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.